### THIBODEAUX vs. THIBODEAUX.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF LAFAYETTE.

A married woman may sue her tutor, in the Court of Probates, for the balance due her; and maintain the action with the assistance of her husband, on a note given in his name, as her agent, for a part of the sum coming to her.

This is an action by the plaintiff against her late tutor, claiming the sum of $929, balance due on account of the tutorship, part of which is evidenced by a note of $562, bearing ten per cent interest, executed by the defendant the 31st July, 1834, payable twelve months after date to her husband, Elize Messonier. She prays judgment for the said sum of $929.

The defendant excepted to the jurisdiction of the Probate Court and averred that the District Court alone had jurisdiction of the matters set up in this suit.

On the merits the general issue was pleaded. The defendant also avers that he has long since accounted for and paid to the defendant the amount coming to her from the estate of her father, or from any other source. That on the 28th August, 1825, the plaintiff executed a receipt on a full settlement, whereby she acknowledged to have received from him as her tutor the full amount due to her from her father's estate; that nothing from the mother's estate ever came into his hands. That she purchased a slave woman named Hyacinthe for upwards of $900 of her mother's estate, on account of her hereditary portion in said estate. He further pleads the prescription of four and ten years against plaintiff's demand. In an amended answer he avers he gave a negro woman named Carmelite for $880, in payment of her claims on him by a verbal sale, and propounds interrogatories.

On these pleadings and issues the parties went to trial.

This suit was first instituted in the District Court but dismissed on a plea to the jurisdiction.

On the evidence adduced, there was judgment for $573 69, with legal interest and costs.

The defendant appealed.

WESTERN DIS.
September,1841.

THIBODEAUX
*vs.*
THIBODEAUX.

*Crow*, for the plaintiff.

*Voorhies*, for defendant and appellant.

*Martin*, J. delivered the opinion of the court.

The plaintiff claims from the defendant, who was her tutor, the sum of $929, as the balance due her in that capacity.

She had a judgment for the sum of $573 69, the amount of a note given by the defendant to her husband for the balance due to her. With the assistance of her husband she instituted a suit in the District Court on this note, in which she failed, that court being of opinion that her remedy was in the Court of Probates, With the same assistance she has brought the present suit in the Court of Probates; the payee of the note being her husband, and the suit not being instituted by him, but by his wife with his assistance.

It does not appear to us that the court erred. The note was given to the husband as the agent of the wife. This is expressly stated in the petition; and the assistance of the husband, enabling her to sue, presupposes his knowledge of the nature of her claim, and his consent to its being enforced; for he is the judge of the propriety of the suit, and it cannot be supposed that he assisted her in an improper one; much less one that is detrimental to his own rights.

The husband might indeed have considered the note as his own property; transferred it or instituted suit on it in his own name. This he has not chosen to do; but on the contrary, has consented to assist his wife in two suits in her own name brought on this same note as owner of it. His recognition of the right of his wife would certainly repel him, if he were now seeking to treat the note as his own property.

We have not considered the other part of the plaintiff's demand, as she has not appealed.

The judgment of the Court of Probates is therefore affirmed with costs.